DOMENGEAUX, Judge.
Defendant, Ray Majors, appeals a judgment which enjoined him from using the facility located upon his property as an airport, or from otherwise landing or taking off any aircraft from such facility.
Defendant contends that the trial court’s judgment. (1) deprives him of his private property; and (2) conveys authority upon the Department of Transportation and Development that has never been granted to them by the Louisiana Legislature.[1]
*982 We find no merit in defendant’s contention and accordingly affirm.
FACTS
Defendant Majors applied to the Office of Aviation and Public Transportation of the State of Louisiana (hereinafter OAPT) for a permit to construct and operate an airport on his property in St. Landry Parish. The land upon which the proposed airport was to be built had been used by him as a private landing strip since 1962.
The application which the defendant filed resulted in an inspection of the premises by representatives of the Federal Aviation Administration of the U.S. Government (hereinafter FAA) and by representatives of OAPT. As a result of this inspection, it was determined that the premises upon which the facility was to be built were unacceptable for the proposed use and in fact, constituted a hazard to aircraft operators and to the general public in the form in which they were presently being operated.
After this facility was reviewed and considered by both the FAA and OAPT, the former notified Mr. Majors that the facility did not meet its requirements. The OAPT attempted to notify the defendant that it had likewise disapproved his application but Mr. Majors refused delivery of their notice. When the defendant refused delivery, an investigator of the Attorney General’s Office, Department of Justice of the State of Louisiana, Mr. Carl Allen, went to the home of the defendant and personally delivered to him copies of these documents.
Thereafter, this suit was filed by the Louisiana Department of Transportation and Development seeking a temporary restraining order and in due course a preliminary injunction and ultimately a permanent injunction. The temporary restraining order was allowed to expire and the matter proceeded to trial on the merits of the preliminary and permanent injunction. The parties had stipulated that the testimony and evidence relevant to the application for a preliminary injunction would be the same as the application for a permanent injunction, and these matters were therefore consolidated for trial. The trial court subsequently granted the injunction sought by the Department.
MERITS
In seeking reversal, the defendant claims that the continued use by him of his private landing strip violates no state or federal law. We disagree.
La.R.S. 2:14 et seq.,[2] pertaining to the regulation of aeronautics, provides that any person who has been aggrieved by an *983 Order of the Department of Public Works[3] must appeal that Order within ten days to the district court. If no appeal is taken within the period fixed, the party against whom the Order was entered, shall have waived the right to have the reasonableness or lawfulness of the Order reviewed by any Court. Here defendant did not appeal the Department’s Order within ten days, hence we are precluded from considering that issue. However, we note for the record that Mr. Majors’ application was rejected because the FAA determined that the unsafe operational conditions of the airport constituted a hazard to the residents adjacent to the facility.
Because administrative procedures prevent us from inquiring into the reasonableness of the Department’s Order, we must divert our inquiry towards whether or not the action taken was a proper function of a State Departmental Agency.
First, there remains no question that the State may delegate its police power to a commission, or administrative board. State v. City of New Orleans, 151 La. 24, 91 So. 533, 539 (1922); Fernandez v. Alford, 203 La. 111, 13 So.2d 483, 489 (1943). In the case at hand this is exactly what the Legislature has chosen to do. In La.R.S. 2:8[4] the Louisiana Legislature vested in the Department of Public Works the authority to supervise the construction and operation of airports and landing fields. Subsequently La.R.S. 36:509 transferred that authority to the Department of Transportation and Development, the plaintiff herein. Having determined that it is permissible for the Legislature to bestow this power upon the Department of Transportation and Development, we must proceed to determine whether their actions in this case constitute a proper exercise of the police power of the state.
In Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248 (1949), the Louisiana Supreme Court, quoting from 11 American Jurisprudence verbo Constitutional Law, Section 267, stated:
“ ‘Although constitutional guaranties cannot be transgressed, it is settled that the possession and enjoyment of all rights are subject to the police power which includes such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order, and morals of the community. Consequently, both persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health, welfare, and prosperity of the people of the state; everything contrary to public policy or inimical to the public interest is the subject of the exercise of the power. The return for the sacrifice of private rights, however, should be the attainment of some public object of sufficient necessity and importance justly to warrant the exertion of the power. Regulation to be valid must tend to some ulterior good to which the destruction or curtailment of rights is merely incidental.’ 5⅜ ⅝ ⅜
(Emphasis added by this Court.)
*984 Thus, there is no doubt that Mr. Major’s property is subject to restraint. Accordingly, the only question that remains is whether the restraints imposed achieve the attainment of some public object of sufficient necessity and importance to justify this exertion of power.
The record reveals that the defendant’s facility is located adjacent to the most heavily populated and densely inhabited area of the Town of Melville. The record further reveals that both the OAPT and the FAA determined that the unsafe operation of the facility resulted in aeronautical activities which were potentially hazardous to Melville’s residents. We have no hesitation in finding that the protection of the security and welfare of these citizens constitutes a public object of sufficient necessity to justify the restraints imposed upon the use of Mr. Major’s property.
For the above and foregoing reasons the judgment of the trial court is affirmed, with all costs assessed against defendant, Ray Majors.
AFFIRMED.

. Defendant claims that under old legislation a “landing strip” was not under the authority of the Department. Regardless of the relevancy of that contention we note that old La.R.S. *982 2:1(8) now repealed by Acts 1978, No. 131, § 1, eff. June 23, 1978) stated specifically that the use of a “landing strip” “shall.be only as provided from time to time by the Department

. La.R.S. 2:14-16 provide:
“Any person against whom an order has been entered may, within ten days after the service thereof, appeal to the district court for the parish in which property affected by the order is located, for the purpose of having the reasonableness or lawfulness of the order inquired into or determined.
The party taking the appeal shall file a praecipe in the office of the clerk of court for the parish in which the property affected by the order is located, and summons shall thereupon be issued by the clerk and shall be served upon the director of public works. Upon the filing of the praecipe, the appeal shall be docketed for trial not less than ten days nor more than thirty days after the service of the summons and shall be tried by the district court without formal pleadings in term time or in vacation. Upon the trial of the appeal, the court shall hear evidence as to matters concerning the order in question, as to the condition of the property in question and the manner of its operation, and shall enter judgment either affirming or setting aside the order of the department, or the court may remand the matter to the department for further hearing. The filing of the praecipe shall operate as a supersedeas.
If no appeal is taken from the order of the department of public works within the period fixed, the party against whom the order was entered, shall have waived the right to have the reasonableness or lawfulness of the order reviewed by any court and there shall be no trial of that issue in court in which suit may be instituted for the penalty for failure to comply with the order.”

. As will be shown, infra, in the body of this opinion, the powers and duties of the Department of Public Works as relates to aeronautics has been transferred to the Louisiana Department of Transportation and Development. See La.R.S. 36:509.

. La.R.S. 2:8 provides:
“All proposed airports, landing fields, air schools, flying clubs, air beacons, or other navigation facilities, shall first be approved by the department of public works before they are so used or operated. No airport, landing field, air school, flying club, air beacon, or other air navigation facility, excepting airports and landing fields constructed and operated prior to July 28, 1936, shall be used or operated without the approval of the department and no aircraft, except in case of emergency, shall land upon or take off from any area in the state other than an airport, landing field, or landing strip. No license, rule, order, or regulation promulgated under the authority of this Section or of this entire Chapter shall apply to airports, landing fields, air beacons, air markings, or other air navigation facilities owned or operated by the government of the United States or by this state. The department of public works may issue a certificate of its approval in each case and make reasonable charge therefor.”